## ST. GERMAIN *v.* BRUNSWICK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

No. 257. Argued and submitted April 11, 1890. — Decided April 28, 1890.

The application of an old process, or machine or apparatus to a similar or analogous subject, with no change in the manner of application, and no result substantially distinct in its nature, will not sustain a patent,

although the new form of result may not have before been contemplated.

Letters patent No 72,969, granted to Emanuel Brunswick, January 7, 1868, for a revolving cue-rack, are void for want of novelty.

THIS was a bill filed by Emanuel Brunswick against Ferdinand de St. Germain in the Circuit Court of the United States for the District of California, October 25, 1880, for an alleged infringement of letters patent No. 72,969, granted to Brunswick, January 7, 1868, for a revolving cue-rack.

The defendant demurred to the bill February 16, 1881, and among other causes of demurrer assigned that "the said complaint does not describe or set forth any new or useful invention, or discovery, or any invention or discovery patentable under the patent laws of the United States, but, on the contrary, the descriptions of the alleged inventions contained in said complaint show that the same is not patentable." The demurrer was overruled, whereupon the defendant answered, denying, among other things, that the alleged invention was of any utility or value. Replication having been filed, proofs were taken, and an interlocutory decree was entered on the 12th of May, 1884, in favor of the complainant, sustaining the patent, finding that there had been infringement, and referring the case to a master to take and state an account of the gains and profits, and also the damages. The master subsequently reported that the defendant had realized $1176 profits from the manufacture and sale of the cue-rack, but that no damages had been sustained by complainant, by reason of respondent's sales, over and above the profits. Exceptions were filed by both complainant and defendant and were overruled by the court, and on the 27th of May, 1886, a final decree in complainant's favor was entered in the case, for the amount reported by the master, with interest and costs, and an appeal duly taken to this court by the defendant.

The first error assigned is "that the court erred in holding that the said letters patent were valid." The specification, drawings and claim are as follows:

"Be it known that I, E. Brunswick, of the city of Chicago, in the county of Cook, State of Illinois, have invented new

and useful improvements in billiard cue-racks, and I do hereby declare that the following is a full and exact description thereof, reference being had to the accompanying drawings, making part of this specification, in which —

"Drawing No. 1 represents the plain revolving cue-rack ; and

"Drawing No. 2 represents the lock-up rack for private use.

"The nature of my invention consists in making the billiard cue-rack so arranged that it may revolve and be detached from the wall.

"To enable others skilled in the art to make and use my invention, I will proceed to describe its construction and operation.

"Two circular plates, A and B, (drawing No. 1,) are firmly secured to a vertical shaft, C. The lower plate A is provided with a rim, *a*, at its outer edge to prevent the butt ends of the cues from slipping off the plate, and the upper plate B is provided with several openings through which the points of the cues are passed. Each plate is provided with a metallic pin, D, which enters a metallic socket, E, inlaid in the stationary brackets, F F, and revolve in it. The brackets are secured to a wall, a pillar, or any other object, and support the rack.

"I make private cue-racks (drawing No. 2,) in which the lower plate A forms a bottom to a round box, B, open on top, and divided into compartments, C C, by partitions, *p p*, each compartment having a door, D, hung on hinges and provided with a lock and key. The upper plate E forms a bottom to the box B, and is provided with several holes. The rack, being revolving, is very convenient for handling the cues.

"What I claim as my invention and desire to secure by letters patent is —

"The revolving billiard cue-rack constructed and operating substantially as and in the manner herein described and specified."

*Mr. M. A. Wheaton,* for appellant, submitted on his brief.

*Mr. Willard Parker Butler,* (with whom was *Mr. John E. Boone* on the brief,) for appellee.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

This case falls within the familiar rule that the application of an old process, or machine or apparatus to a similar or

analogous subject, with no change in the manner of application, and no result substantially distinct in its nature, will not sustain a patent, although the new form of result may not have before been contemplated.

The ordinary cue-rack was made with the upper part perforated with holes to receive the small ends of the cues when put in the rack, and with a ledge or moulding along the front of the lower part, on which the cues stood, so as to prevent them from slipping off. The horizontal and straight upper and lower parts of the ordinary cue-rack were changed by complainant into two circular disks, called "plates" in the specification, having the perforations and the rim secured to

a vertical shaft, and each provided with a metallic pivot, entering into and revolving in a metallic socket, inserted in ordinary brackets attached to the wall, or pillar or any other object, for the support of the rack.

As the revolving rack held the cues in the same way and by the same means as the ordinary rack, if patentable novelty existed at all it must be found in making the racks revolve, when constructed and operating in the manner stated.

But revolving contrivances, such as table casters and the like, for the reception and carriage of articles, so as to bring them easily within reach, were well known, and the application of such a contrivance to the holding and carrying of cues was but the application of an old device to a new and analogous use, with such changes only as would naturally be made to adapt it thereto.

The making of the old cue-rack circular, putting in the revolving apparatus, and suspending it on brackets, a common use of the latter, involved mechanical skill simply, and not the exercise of invention, in the creation of a novel, substantive result.

The state of the art, as shown by the prior patents for revolving dining tables and bottle casters, introduced on behalf of defendant, illustrates the correctness of this conclusion.

These tables and casters were so arranged as to revolve about a common centre and bring around dishes and decanters in that way, as desired. The office performed was the same in respect to dishes and decanters as that performed by complainant's contrivance in respect to cues. The difference between revolving and stationary tables and casters and between revolving and stationary cue-racks is the same. Those revolve and these do not. We think that competent knowledge and skill in his calling on the part of an intelligent mechanic would have enabled him, on request, to construct the revolving billiard cue-rack in question, without calling the inventive faculty into play.

The patent was void for want of novelty, and

*The decree is reversed and the cause remanded, with a direction to dismiss the bill.*