## KRUGER v. WHITEHEAD.
### No. 11008.

Circuit Court of Appeals, Ninth Circuit.

Feb. 6, 1946.

Rehearing Denied April 16, 1946.

Herbert A. Huebner, of Los Angeles, Cal., for appellant.

Lyon & Lyon, Frederick S. Lyon and Frederick W. Lyon, all of Los Angeles, Cal., for appellee.

Before STEPHENS, ORR and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is a proceeding for a declaratory judgment brought by the manufacturer of an identification card which the defendant claims to be an infringement of his patent, No. 2,088,567, applied for October 22, 1934, and issued to him August 3, 1937, as assignee of the inventor, John McK. Ballou. The defendant counterclaimed for infringement. The claims of the patent were based upon the printing of the identifying card with an ink that would be dissolved by any solvent which would dissolve the celluloid, or similar material in which the card was encased, thus disclosing that the card had been tampered with. The enclosing of a card with printed matter thereon in such

transparent material was not, and is not, claimed to be novel. It is shown in patent No. 1,071,226, issued to Goodsell and Maynard August 26, 1913. It is in the choice of ink that the patentee claims the invention lies. The evidence shows that there was no other kind of ink in existence. That is, every known ink would be so affected by any chemical capable of dissolving the transparent envelope containing the card and adhering thereto. The trial court, in a terse opinion, held that there was no invention and that if there were it was not disclosed as required by law. The findings of fact followed the opinion and the court decreed claims 1, 2, 4 and 5 of the patent to be void and enjoined the patentee from representing to the trade that the identification card manufactured by the plaintiff infringed such patent.

The defendant appeals. He claims that "the court overlooked a vital distinction. Substantially 'affecting' an ink does not fulfill the requirement of the patent nor the language of the claims. The identifying inked matter must be distorted. [The patent claims specify 'dissolvable'.] Even if all inks are 'affected' by a given solvent, only some of them will reveal distortion by bleeding."

█ █ The patentee does not name in his patent specifications or claims the ink which is to be used in the patented card, nor describe it otherwise than by its one characteristic which is that it will be dissolved by any solvent that will dissolve the card's container. Further description he claims is unnecessary for, as he correctly states, such solvents are well known to those trained in the art. Wherein, then, lies the invention? The selection of known materials is not itself an invention.[1] The patent does not inform persons familiar with the art how to utilize the patent. They are left to make their own selection of material and their own experiments to practice the invention. Complete disclosure is the price paid for the patent's temporary monopoly. The truth is that all the patentee had was an idea that the use of a solvent ink on an identification card would tend to prevent counterfeiting. Mere ideas are not patentable; it is the means for carrying the idea out that is patentable.[2]

█ The patent to Walsh and Caprio, No. 2,079,641, describe a process and a manufacture identical with that of the patent in suit. The difference is that Walsh and Caprio, knowing that practically all inks are soluble and bleed when treated with a solvent that will affect the transparent cover of a card containing printed matter, sought to overcome the bleeding which might result during the process of manufacture by inserting a cement between the printing on the card and the transparent envelope. It is clear that if the card or product manufactured by the process described in the Walsh and Caprio patent were submitted to a solvent which would dissolve the transparent envelope containing the card the printed matter on the card would dissolve or bleed, and thus meet the claims of the patent in suit. To use the patent combination or device of Walsh and Caprio for a new purpose does not amount to invention.[3] The findings of Fact (Nos. 2 and 11) that there is no invention in defendant's patent must be sustained.

█ The patent in suit does not disclose or describe the invention as required by Rev.Stat. § 4888, 35 U.S.C. § 33, 35 U.S.C.A. § 33, and for that reason also is void.

Decree affirmed.

---

[1] Sinclair & Carroll Co., Inc., v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143.

[2] Measuregraph Co. v. Grand Rapids Show Case Co., 8 Cir., 29 F.2d 263, 275.

[3] See St. Germain v. Brunswick, 135 U.S. 227, 10 S.Ct. 822, 34 L.Ed. 122; Grand Rapids Show Case Co. v. Weber Show Case & Fixture Co., 9 Cir., 38 F.2d 730; Farmers' Co-op Exch. v. Turnbow, 9 Cir., 111 F.2d 728.