## AMERICAN SHOW CASE & MFG. CO. et al. v. GRAND RAPIDS STORE EQUIPMENT CORPORATION.

### No. 6053.

Circuit Court of Appeals, Sixth Circuit.
Nov. 9, 1932.

Ralph S. Binns, of Detroit, Mich. (Barthel, Flanders & Barthel and Otto F. Barthel, all of Detroit, Mich., on the brief), for appellants.

F. E. Liverance, Jr., of Grand Rapids, Mich. (Roger Wykes, of Grand Rapids, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

This an appeal from a decree of the District Court sustaining the validity and adjudging infringement of the Williams patent, No. 1,219,891. The patent relates to store furniture of a sectional nature used to display merchandise and having the appearance of a solidly built-in construction. All of the claims, thirteen in number, were sued upon, and all except 7 and 8 were sustained. Claims 1, 2, 3, 4, 5, 11, and 12 were held infringed.

The specifications describe in detail cabinet units of various sizes so constructed that they may be superimposed one upon another into a single stack resting upon a base. The object of the invention is to join together the ends of these separate stacks to give them the appearance of a built-in structure. This is effected by the interposition of a pilaster between the adjacent ends of the sections. The pilaster, as described in the specifications, consists of lateral extensions to cover the exposed end of the section joints, a solid portion to be inserted between the ends, and a rearwardly extending channeled member with flanges in which there are slots into which headed pins carried by the sections may be inserted.

The claims held to be infringed call generally for sectional units placed one above another to form a multiple unit, a plurality of such multiple units positioned end to end and spaced apart, a pilaster located in front of and in part between the ends, and means for detachably securing the ends to the inwardly projecting portions of the pilaster so as to permit a ready removal of the pilaster and a ready interchangeability of the sections comprising the multiple units. In view of the restrictions imposed by prior practices, we do not deem it necessary to determine whether these claims are valid. The use of sectional cases, similar to bookcases, to display merchandise was old. It was common, too, long before Williams, to use pilasters or moulding strips in sectional structures to cover up edges and corners. Detachable pilasters and strips had also been used in connection with cabinets or cases. Canse patent, No. 925,562, July 16, 1908. Williams sought a more convenient and readier detachability. Grand

Rapids Show Case Co. v. Weber Show Case & Fixture Co. (C. C. A.) 38 F.(2d) 730. He devised a pilaster which could be interposed between the section ends and readily attached thereto by headed pins or other equivalent means. Some of the claims, such as 3, 9, and 10, emphasize its form. Conceding that this element of his structure is novel, its range of equivalency, in view of the prior practices, is not wide. The use of the other elements of the structure in connection with pilasters was old.

The defendants' structure comprises a plurality of sectional stacks which abut against an upright frame occupying the space between the ends of the stacks. The pilaster is screwed to the upright frame, which is bolted in place between the bases on which the stacks rest. There is no unoccupied space in the structure between the multiple units nor any channeled member. The Williams' pilaster can be readily attached to and detached from the sections without disturbing them. By detaching and removing it and lifting the cornice slightly, the sections may be removed forwardly. The defendants' pilaster cannot be removed until the abutting sections are removed. To remove the sections forwardly in their structure it is necessary to lift them over the top of the pilaster and separator frames. The one was designed to permit and does permit a quick removal of the pilaster and ready interchangeability of the sections. The other has no such function. Lacking it and lacking equivalency of means for such accomplishment, it does not infringe.

The judgment is reversed.