**FILT-O-PURE PRODUCTS CORPORATION and Fred E. Newman, Plaintiffs,**

**v.**

**CHEMEX CORPORATION and Peter Schlumbohn, Defendants.**

United States District Court, S. D. New York.

Sept. 27, 1954.

Paul Kolisch, New York City, for plaintiffs.

Kadel, Wilson & Potts, New York City, for defendants, John Kadel, W. Philip Van Kirk and Abraham Wilson, New York City, of counsel.

PALMIERI, District Judge.

This is an action for a declaratory judgment of noninfringement and for a declaration of invalidity of patent No. 2,359,943 owned by the corporate defendant. Plaintiffs move for summary judgment declaring that their product does not infringe the aforesaid patent.

The patent that is allegedly infringed is a combination patent, and the elements of the combination are a container the upper part of which is shaped like the cone of a funnel, a similarly shaped wire cage, which fits therein, and a non-rigid filter. The cage is placed inside the upper part of the container between the filter and the walls of the container, coffee or tea leaves are placed inside the filter, and hot water is poured over them to make coffee or tea. The cage and the filter containing the grounds are then removed and the container can be used for pouring the beverage.

The elements of plaintiffs' product, which is also a coffeemaker, are a container in the shape of an hourglass, a metal funnel, and a non-rigid filter. The beverage is made by placing the funnel inside the upper half of the hourglass, the filter containing coffee inside the funnel, and pouring hot water over the coffee.

It is well settled that summary judgment is an available remedy in pat-

ent cases if there is no genuine issue of material fact. Rubinstein v. Silex Co., D.C.S.D.N.Y.1947, 73 F.Supp. 336; see 6 Moore, Federal Practice 2236–2245 (2d ed. 1953). I shall, therefore, turn at once to the issues presented by this motion to see if it can be said that no genuine issue of material fact exists.

■ The scope of a patent monopoly is determined from the patent claims read in the context of the historical material that makes up the file wrapper. See I. T. S. Rubber Co. v. Essex Rubber Co., 1926, 272 U.S. 429, 47 S.Ct. 136, 71 L.Ed. 335. Patent No. 2,359,943 contains two claims. First, it is claimed that the combination shows invention in that the inner wall of the upper part of the container directly supports the filter, and that the wire cage provides a means of escape for the air in the container by forming a vent between the filter and the inner wall of the container's upper part. Second, it is claimed that the combination shows invention in that the wire cage can support the filter before and after it has been placed in the upper part of the container. Investigation of the file wrapper indicates that the patentee always emphasized the filter supporting function of the inside walls of the upper part of the container and the air vent function of the wire cage. See file wrapper pp. 1, 3, 4, 10, 18, 24, 25 and 27.

The allegedly infringing product differs radically from the patented combination. Both the upper and lower parts of its container are bulbous in shape. The inner wall of the upper part is not used to support the non-rigid filter. A solid metal funnel, also not supported by the inner wall, performs that function. Nor is a wire cage used to provide a vent for escaping air. Plaintiffs' product does not use a wire cage for any purpose. Air escapes all around the funnel. Finally, the funnel supports the filter not only before and after it has been placed in the upper part of the container but also during the time that the beverage is being made.

The law relating to infringement of combination patents has been summariz-ed by the Supreme Court. "A combination is always an entirety. In such cases, the patentee cannot abandon a part and claim the rest, nor can he be permitted to prove that a part is useless, and, therefore, immaterial. He must stand by his claim as he has made it. If more or less than the whole of his ingredients are used by another, such party * * * has not used the invention or discovery patented. With the change of the elements the identity of the product disappears." Schumacher v. Cornell, 1877, 96 U.S. 549, 554, 24 L.Ed. 676, quoted with approval in Milcor Steel Co. v. George A. Fuller Co., 1942, 316 U.S. 143, 147, 62 S.Ct. 969, 972, 86 L.Ed. 1332. In this case it is clear that the plaintiff does not use the ingredients of the patented product. His container does not support the non-rigid filter, and he does not employ a wire cage to provide an air vent or for any other purpose.

■ Nor does the doctrine of equivalents aid the defendant. "It is axiomatic in patent law that the liberality of construction to which a patent claim is entitled, and the breadth of the range of equivalents granted it are directly proportional to the degree of invention. Continental Paper Bag Co. v. Eastern Paper Bag Co., 1908, 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122. Where the patent in question is a modest improvement in a field where inventive skill has not been lacking, the surrounding pressure of the art serves to restrict the effective range of the patent to the four corners of its claims." Rubinstein v. Silex Co., D.C.S.D.N.Y.1947, 73 F.Supp. 336, 337. While it is not necessary for me to express any opinion as to the validity of patent No. 2,359,943, and I do not do so, it is clear that the patent represents at most a modest improvement in the art. The fact that nine claims (some of which appear to be only restatements of the two claims that were finally allowed) were rejected on the basis of the prior art and lack of invention, and that one rejection was *"made final"* (emphasis in original), is sufficient indication that the patent involved in this case constitutes

at most a slight advance in the art. See file wrapper, pp. 9, 15, 16 and 21. Here plaintiff's product does not employ any equivalent for the wire cage air vent because the air escapes around the sides of the funnel. And plaintiffs' removable funnel that supports the non-rigid filter cannot be considered equivalent to the one piece container's upper part that the patented combination uses to support the non-rigid filter.

Defendants have not shown good reason for delaying the determination of the issue of plaintiffs' alleged infringement of patent No. 2,359,943 until the other issues in this case can be determined. Moreover, plaintiffs have shown how their attempts to market their product have and are being frustrated by defendants' action taken in reliance on this patent. Therefore, since it is evident that there is no genuine issue of fact on the question of whether plaintiffs' product infringes defendants' patent No. 2,359,943, the motion for summary judgment is granted. Settle order on notice.