**FILT-O-PURE PRODUCTS CORPORA-
TION and Fred E. Newman,
Plaintiffs-Appellees,**

**v.**

**CHEMEX CORPORATION and Peter
Schlumbohm, Defendants-
Appellants.**

**No. 297, Docket 23363.**

United States Court of Appeals
Second Circuit.

Argued April 13, 1955.

Decided May 2, 1955.

No appearance for plaintiffs-appellees

Peter Schlumbohm, in pro. per.

Before CLARK, Chief Judge, and FRANK and HASTIE, Circuit Judges.

CLARK, Chief Judge.

Plaintiffs are the owners of a design patent No. 169,778 for a coffee brewer in the shape of an hourglass which they market under the name of the Filt-O-Pure Coffee Maker. They sued for a declaratory judgment of noninfringement or of invalidity of defendants' patents on the Chemex Coffee Maker and for an injunction to restrain defendants from threatening them or their customers with patent infringement actions. Defendants appeal from an order of summary judgment on plaintiffs' motion finding noninfringement of defendants' patent No. 2,359,943 on a "Filtering and Decanter Device," D.C.S.D.N.Y., 124 F.Supp. 22, and from the injunction granted plaintiffs against suits or threats thereof raising the issue. The district court did not rule on the validity of any of the patents at stake or on possible in-

fringement of other patents, trademarks, or copyrights owned by the defendants, although both the plaintiffs and the defendants in their pleadings raised these issues. The case is presently here on appeal because the court below made an express determination of no just cause for delay and direction for the entry of judgment pursuant to F.R.C.P., rule 54(b).

We agree with the defendants that the district court erred in granting summary judgment on the record before it. Judge Palmieri's basis for finding non-infringement of the one patent owned by defendants which he chose to consider is not altogether clear. While the final order of partial summary judgment is based on plaintiffs' design patent, the actual differentiation in the opinion, D.C. S.D.N.Y., 124 F.Supp. 22, 24, of plaintiffs' product from defendants' composition patent goes far beyond the hourglass design to discuss use of such addenda as filters and funnels. Thus even if this simple and well-known design could be considered "new" and "original" so as to sustain invention, 35 U.S.C. § 171, the decree is too broad to rest upon it. The injunction is therefore to be supported only upon a showing that plaintiffs' product, unassisted by their patent, does not infringe defendants' patent claims. But the apparent similarity between the two finished products is great; moreover, the defendants sought the maximum protection afforded them by the law by taking out a variety of patents, design patents, copyrights, and trade-marks. All these must be considered to determine whether there has been infringement, before injunctive or other relief is awarded to either side. And the question avoided below of the validity of the patents must be faced to determine whether any of the patents of either side in this crowded field show sufficient novelty and invention to be accorded substantive relief.

The order and judgment must therefore be reversed and the action remanded for trial on these issues and others, such as unfair competition, which may develop, including possible counterclaims if defendants choose so to proceed. Cf. Speed Products Co. v. Tinnerman Products, Inc., 2 Cir., 222 F.2d 61.

Reversed and remanded.