## GASIFIER MFG. CO. v. FORD MOTOR CO.

## SAME v. WHITE MOTOR CO.

### Nos. 138, 65.

District Court, E. D. Missouri, E. D.

Oct. 9, 1939.

Jesse L. England and Orla M. Hill, both of Clayton, Mo., and Robert M. Vaughan, of Dallas, Tex., for plaintiff.

William Fitch and Malcolm Frank, both of St. Louis, Mo., Harry W. Lindsey, Jr., (of Davis, Lindsey, Smith & Shonts,) of Chicago, Ill., and I. Joseph Farley (of Bodman, Longley, Bogle, Middleton & Farley), of Detroit, Mich., for defendant Ford Motor Co.

Boaz Watkins, of St. Louis, Mo., for defendant White Motor Co.

PER CURIAM. -

On motion for summary judgment, that motion should undoubtedly be denied, if there is any disputed issue of fact. In determining whether there is a disputed issue of fact, as I gather from the authorities, the petition, the interrogatories, the affidavits, admissions, are all to be considered.

It is clear at this stage of the proceeding that the plaintiff's patent is one for an improvement in the art of applying heat to the mixture of air and gasoline at a point between the carburetor and intake valves of an internal combustion motor for the purpose of vaporizing all the gasoline in that mixture in order to produce a more efficient and desirable combustion material.

Plaintiff produces an expert witness, Mr. Boyle, who I am sure is highly competent and is a man of high standing, who appears somewhat in the role of counsel, in that he was not sworn as a witness. Mr. Boyle, however, in fact, explains the plaintiff's patent, the method of operation of the plaintiff's device, and explains the method of operation of the devices produced by the defendant, which the parties all admit and agree are the devices which are charged to be the infringing devices. That explanation of Mr. Boyle's—and I may digress to observe that although Mr. Boyle was not in all formal respects a witness, yet the fact he was not sworn will not be complained of by the plaintiff, and I may accept his explanation, I am sure, under the circumstances, for the same purpose and to the same extent as if it had been made in affidavit form as the rules seem to contemplate.

Now, Mr. Boyle's explanation indicates clearly that the plaintiff's device, and the invention involved in that device, consists of a better method of applying the heat of the exhaust gases to the mixture of gasoline and air coming from the carburetor in order to produce vaporization. Plaintiff does not claim any invention with respect to the art of vaporizing gasoline or liquids. That attitude is clearly expressed by counsel and obviously should be admitted because as a matter of common knowledge liquids have been vaporized by the application of heat almost from the beginning of the existence of mankind. So the plaintiff's device is one, if it is an invention, and at this time we assume, of course, the patent is valid, is a device which is patentable and protected because of its peculiar design and the particular and peculiar method of applying the heat to the intake manifold in the device that the plaintiff has patented. If there is an infringement, the infringement must result from a similarity of defendant's device to the plaintiff's device, and that similarity must be substantial and, under the rule of equivalents announced by the courts, must be substantially the same device. If it is not similar, under the doctrine of equivalents there is no infringement.

On motion for summary judgment, as I said, if there is a dispute as to the facts the motion should be overruled, and so the question, after ascertaining the nature of the two devices, simply is, at this stage, whether all of the facts are admitted. Unquestionably the plaintiff will call expert witnesses; that is indicated beyond any doubt by the agreement of counsel last Friday as to the number of witnesses of that nature on either side that would be called on any one point. We should assume that those witnesses will testify as to their conclusions from an examination of the patents and the articles themselves—by "articles" I mean the accused infringing devices—that in their opinion the defendant's devices are similar substantially or are not similar. On first impression it would seem that because of the anticipated possible conflict between the opinions of these expert witnesses, a disputed issue of fact exists. It seems to me, however, that on mature consideration of really what that testimony will amount to, and its effect, it could not furnish any more evidence as to the facts than we have before us now, for this reason: that evidence would be admitted upon the theory that these gentlemen, who are classified as experts, are more familiar with matters of this kind than the average person and could, from an examination of the articles themselves and the way in which they operate, say that they were substantially similar, when the average person could not answer that question. But where we have the articles, infringing devices, in court, and where those devices speak for themselves, where it is admitted by both of the parties just what the function of each is, how they work, where there is not such a complicated method of operation that makes it at all difficult to understand, the evidence of a person that in his opinion they are similar would add nothing to the physical facts or the conceded facts that are before the court. Here the parties

agree,—"This is the alleged infringing device." If there is any room for any controversy as to the facts, if there is any room for a dispute as to the truth of the defendant's statement that this is the device, if there is any question about whether that was the device, and the plaintiff contended that some other device was the device used by the defendant, then there would be an issuable question of fact for me to submit to the jury in this case; but looking forward to what will occur in the course of the trial as possibly one means at least of determining what the proper disposition of this motion should be at this time, I, in my mind's eye, contemplate the situation that will occur after the evidence is all in in this case, if it goes that far. It will then be my obligation to tell the jury,—"If you find and believe from the evidence that the facts as produced and shown by the plaintiff are true, and that the device which the defendant has been using is a similar device under the doctrine of equivalents, as I will define that term to you,—then your verdict will be for the plaintiff." But, in order to submit an issue of fact to the jury there must be an issue of fact existing, and if all those facts are admitted,—if the patent and its operation is admitted, as it is, if the infringing device is before the court, as it is, and its operation is not disputed, as is the case in this instance, then when the evidence is all in it will be my duty to apply the law of equivalents and say to the jury that under all of these conceded facts the application of the law results in this device being placed in the classification of a similar device, or, that it is placed in the classification of one that is not similar. I must answer that question as a question of law before I submit the case to the jury, and if I have all those facts before me now, I must determine that question now. The question therefore resolves itself into a question of law as to whether, applying the law of equivalents, with all the facts admitted, which under the law of equivalents this assailed device or accused device, however it may be referred to, is a similar device. It may be that some assistance may be derived by way of illustration. In turning this question over in my mind, this illustration occurs to me:

The question might arise, as to whether two animals are substantially similar. It might be asserted that the cow and mule were the same, or substantially similar. We have no statutory rule, no judicial yardstick of equivalents to determine the similarity of these two animals, therefore we have no legal rule which we can apply to determine as a matter of law whether the cow and the mule are similar animals. This is possibly a grotesque illustration, but I think it will demonstrate my thought possibly better than some other example.

The parties to the dispute might call innumerable experts—looking at it somewhat from a humorous standpoint without, of course, reflection upon expert testimony—an expert might say these must be similar—why? because both of these animals have ears, eyes, nostrils, both have tails, similar shape as to the body, both have four legs, both attain a size from one thousand to fifteen hundred pounds, ordinarily, and the expert would probably say, again without reflection of course, and accurately say, that the very fact the hoof of the cow is divided, and the hoof of the mule is not divided, is, under the doctrine of equivalents, inconsequential. The same expert might say the fact the cow gives milk, and the mule does not, is a matter of slight consequence, their primary purpose being usefulness for other purposes.

As, in this case, Mr. Boyle says to us the fact plaintiff's patent takes the exhaust gas from the exhaust ports on the side of the cylinder block through an exhaust manifold which has a curve in the form of a closed gooseneck, and that exhaust pipe is split or rather has a deformity in it through which projects the intake manifold with a bell on it, permitting the exhaust manifold to have greater contact with greater surface of the intake manifold than it could without the bell,—Mr. Boyle tells us that is substantially the same thing as the defendant device which takes the gas through the motor block by a port cut in the block itself, up to a small compartment separated from the intake manifold by a thin metal partition, but permitting the exhaust gases in that compartment to come in contact with that thin metal partition; heating that partition and radiating the heat into the intake manifold sufficient to create vaporization,—he says that is the same device substantially. I cannot conceive it to be the same. It seems to me there is as much difference in the method of accomplishing the result in this instance as there would be differences in the minds of the laymen between the mule and the cow. They are different objects, they are differently constructed, have a different design, and they show for them-

selves. Like in a case before the court and a jury, if experts were called to testify to the similarity of the two animals, their testimony would be secondary, certainly, if the two animals were actually brought into court and the jury viewed the animals themselves.

Now, the court has before it these facts, admitted. It seems obvious to me that the expert testimony to be admissible must be descriptive of the devices themselves and the method of operation. Such evidence would only be of value for the purpose of describing the subject as an aid to the court and jury in determining what those devices actually are, and what the manner of operation of those devices is. If the devices are actually present and the manner of operation is admitted as it is admitted—the expert testimony or any other testimony could add nothing of an evidentiary value on the question of infringement. So it seems to me clear that, on analysis of the purpose of the procedure authorizing and permitting the entry of summary judgments, where, as here, the parties agree on the essential facts that procedure is applicable and it is useless to put the parties to the expense of a trial. Therefore at this time I think it is not only proper, but it is my duty, as hesitant as I am to carry out that duty, to say that the application of the doctrine of equivalents as announced by the courts to the conceded facts results in the answer, that as a matter of law the defendant's devices fall in the classification of those that are not similar to the plaintiff's device and hence there can be no infringement.

I realize that the courts say, and, of course, properly so, that only in exceptional cases shall a patent case be disposed of on demurrer. I think this is such a case. Where the parties have brought the devices into court, where the courteous, frank attitude of counsel has resulted in a clarification of all of the facts, where each party has furnished the other with its theory as to what the exact performance of its device is, and where both parties have agreed what the performance of each device is, where the parties have done those things, and have thereby made the facts clear and undisputed, then the application of the law must be made by the court on motion. The motion in the Ford case will be sustained.

The motion for summary judgment in the White case will be overruled. The situation is not the same in the White case. The devices may or may not be similar. The blue prints, I would assume because there is no dispute, apparently as to the accuracy of them, describe the White devices, and yet those blue prints are secondary evidence to an extent at least,—secondary in that in some instances it is necessary that we have expert draftsmen explain blue prints and explain just what those blue prints are undertaking to represent. They are secondary in the respect that they undertake by description to furnish evidence of what the article itself is and hence are not so satisfactory and cannot be as accurate as the article itself. The motion in the White case will be denied.

Now, that brings me to these other matters that are pending in these same cases; of course, in view of the conclusion reached on the motion for summary judgment in the Ford case it is unnecessary to contemplate the trial of that case or the motion for hearing on the equitable defenses in that case. It is likewise unnecessary to rule upon the motion for appointment of a Master, or to inquire into the question of whether or not counsel has obtained the information desired relative to the quantity report which was mentioned last Friday.

It is necessary to refer to those matters in connection with the White case, and one additional matter. In the White case there has been no answer filed; the delay in the filing of the answer has been because of the filing of an amended bill of particulars by plaintiff in response to a second motion for bill of particulars by the defendant. I see no good to be served by any further order on the plaintiff for further bill of particulars, and I see no occasion for any further delay as to the answer of the defendant. The answer should be filed. This case is not one that has been recently filed, and the parties are all familiar with the subject matter involved. The answer may be drawn expeditiously, and probably has been drawn. This is Monday. That answer should be filed on or before Friday of this week, which will be the 13th. The case was set for trial on the 17th. If it is desired that a hearing on equitable defenses be held in advance of the trial of the case, that motion should be heard on the 17th. Subject to the result of such hearing the trial of the case can then be had on the 23d.

The motion for the appointment of a Master will be denied. It seems to me

that the method of operation of these devices is not so complicated that the average layman cannot understand it with the assistance of counsel, whose ability has already been demonstrated.