## BERGHANE v. RADIO CORPORATION OF AMERICA.

### No. 260.

District Court, D. Delaware.

Aug. 8, 1945.

Wm. H. Parmelee and Eiffel B. Gale, both of . Pittsburgh, Pa., and Howard Duane, of Wilmington, Del., for plaintiff.

John B. Cunningham and Stephen H. Philbin (of Fish, Richardson & Neave), both of New York City, and C. A. Southerland (of Southerland, Berl & Potter), of Wilmington, Del., for defendant.

LEAHY, District Judge.

Defendant argues that, as under Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following section 723c, particulars become part of the complaint, the particulars furnished fail to show plaintiff's right to maintain this suit, or, to restate the position, the particulars fail to support the allegations of paragraph 2 of the complaint that plaintiff has title to the patents in suit.

1. Defendant's arguments. The first argument is typical of defendant's position. Plaintiff, in her particulars, relies on a certain assignment covering all twelve patents and executed by the Union National Bank of Pittsburgh as trustee and executor of the original-patentee McCullough's estate. Defendant says that this assignment is subject to certain "conditions and provisions" of another agreement (referred to in the assignment) "between the parties and others", the "faithful performance" of which is made a consideration for the assignment. It is argued that the referred agreement may not give any right to plaintiff to sue; and, in any event, there is nothing to show how the Bank, as executor and trustee of the estate of McCullough, acquired title to the patents. The particulars also make reference to an "exclusive license" once granted to Kellogg Switchboard Supply Company, but aver that this license was "terminated" by an "agreement and mutual release" dated April 1, 1940, between the Bank and another. Defendant argues that there is no showing that Kellogg's interest has been terminated. The particulars also make reference to another license agreement given by McCullough to Federal Telegraph Company, dated November 26, 1928, which was to be exclusive to February 15, 1933 and nonexclusive thereafter. Under this agreement McCullough confirmed to Federal the ownership of certain patents or applications which had theretofore been granted by him to Federal in two prior agreements. Defendant states that Federal may still have an interest in certain of the patents.

2. Plaintiff's arguments. She contends that defendant, once having filed its motion for particulars under Rule 12(e) it may no longer file a motion to dismiss under Rule 12(b) because 12(g) states that if a party makes a motion under one section of the Rule and does not join or "include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted;" and from this plaintiff argues that defendant, by reason of Rule 12(h), has waived the particular defense now found in its motion to dismiss. Accordingly, plaintiff seeks to strike defendant's motion to dismiss and asks for judgment by default on the ground that defendant's motion to dismiss is a nonresponsive pleading which subjects defendant to judgment by default after expiration of the answer time. This proposition is based on the theory that no action has been taken by defendant and it has violated the Rules.

 3. The determination of the question of infringement and the possible validity of the twelve patents in suit are the master issues. Their determination should not depend on a discussion of procedural sins of omission and commission, viz., whether either of the parties are in or out of court for failure to take action under certain provisions of Rule 12 or for waiver or election to take action under other provisions of that Rule. To dispose of the instant matter, it will be assumed that the issue to be decided is whether or not defendant's motion under Rule 12(b) has merit. Recently, Judge Smith, describing this Circuit's view of the functions of a motion under Rule 12(b), stated: "It is well established that a complaint should not be dismissed for failure to state a claim upon which relief can be granted except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631 (and cases cited). If it is reasonably conceivable that the plaintiff, upon a trial of the action on the merits, may establish a cause of action which will entitle him to relief, the complaint should not be dismissed."[1]

Here, we have the plaintiff stating that she has title to the patents in suit.

She produces certain instruments upon which she relies. Defendant, attempting to attack title by its motion to dismiss, argues that these writings fail to make a prima facie showing of title. The mere averment of title is sufficient. The facts of title are evidentiary matters to which defendant is not entitled by a bill of particulars. Defendant should file its answer, putting the question of title directly in issue. Then the parties may utilize pretrial procedures, by way of depositions, interrogatories or other discovery techniques, and get the title question fully out in the open for the court's examination. If defendant is still of belief, then, that plaintiff does not have good title and cannot maintain the present action, it is obvious the parties should not go to trial on the merits. The matter may be heard on motion for summary judgment, or a motion under Rule 42(b) for a separate trial of the title issue could be made by defendant. If this were done defendant would only be required in its answer to file a simple denial of plaintiff's ownership of the patents. If defendant prevails, that is the end of the case. If it should be determined that plaintiff has title, leave will freely be given (Rule 15(a)) to defendant to amend its answer in order that it then may adequately bring into the case the traditional issues of noninfringement or invalidity.

Defendant's present motion to dismiss denied.

[1] Power Transmission Co. v. Neuland, D.C.N.J., 58 F.Supp. 747.