### RUBINSTEIN v. SILEX CO.

District Court, S. D. New York.

Aug. 29, 1947.

Sidney Schwartz, of New York City, for plaintiff.

Pennie, Edmonds, Morton & Barrows, of New York City, for defendant.

RIFKIND, District Judge.

This is a patent infringement action brought by Louis Rubinstein against the Silex Company for damages, an accounting of profits and an injunction. The defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that, as a matter of law, it is entitled to a judgment that it has not infringed the patent in suit. The issue of validity of plaintiff's patent may be disregarded. Electrical Fittings Corporation v. Thomas & Betts Co., 1939, 307 U. S. 241, 59 S.Ct. 860, 83 L.Ed. 1263; Duplex Electric Co. v. Padua Hold-Up Alarm Corporation, 2 Cir. 1929, 30 F.2d 344.

Although plaintiff has cited in his brief many cases as evidence of judicial hostility to summary methods of dealing with patent cases, an examination of the Federal Rules of Civil Procedure reveals no special provisions for such cases. The authorities are in accord that, absent triable issues of fact, a motion for summary judgment should be granted in patent cases. Brown v. Ford Motor Co., D.C.E.D. Mich. 1944, 57 F.Supp. 825; S. R. Leon, Inc., v. Parfums Schiaparelli, D. C. S.D. N.Y. 1940, 35 F.Supp. 641; Gasifier Mfg. Co. v. Ford Motor Co., D.C.E.D. Mo. 1939, 1 F.R.D. 10. In any event, expressions of doubt as to the propriety of summary procedure are found in patent cases dealing with adjudications of validity, not infringement.[1]

---

[1] See, e. g., Baker v. First National Stores, Inc., D.C.Mass.1946, 64 F.Supp. 979; American Optical Co. v. New Jersey Optical Co., D.C.Mass.1944, 58 F.

In the case at bar there are no disputed issues of fact. The construction and description of the patented and accused irons are stipulated, and the file wrapper on plaintiff's patent is before the court. The case may be disposed of on this motion.

"When it appears, in a patent infringement suit, that extrinsic evidence is not needed to explain the terms of art involved and the court is able, from mere comparison, to comprehend what the invention described in a patent is, and, from a mere comparison of the structures, to determine whether one device infringes on another, the question of infringement or no infringement is one of law." Young v. Ralston-Purina Co., 8 Cir., 1937, 88 F.2d 97, 101.

It is axiomatic in patent law that the liberality of construction to which a patent claim is entitled, and the breadth of the range of equivalents granted it are directly proportional to the degree of invention. Continental Paper Bag Co. v. Eastern Paper Bag Co., 1908, 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122. Where the patent in question is a modest improvement in a field where inventive skill has not been lacking, the surrounding pressure of the art serves to restrict the effective range of the patent to the four corners of its claims.

Plaintiff's patent was issued for an electric steam iron. The contents of the file wrapper show that five claims were originally submitted; that after negotiations with the patent office, the patent issued containing the following single claim, not included among the original five:

"An iron having a hollow top forming with the bottom of the iron a steam chamber therein, said bottom having adjacent the front end thereof a group of steam outlet apertures therein, a steam conducting tube depending through the top of the iron directly over said group of apertures and projecting out of said top, said tube having a steam inlet port therein within the chamber adjacent the top of the same and being provided with a forwardly and upwardly inclined vent branch above said port extending out of said top, a downwardly flaring member on the bottom of the tube fitting against said bottom and spanning said group of apertures, a plunger-type spring tensioned valve in the upper end of the tube normally closing said branch and opening said port and slidable into a downward limit of movement to open the branch and close the port, said valve having an upstanding stem extending out of the top of the tube for moving the valve under finger pressure exerted on the stem, and cooperating devices on said stem and in said tube, respectively, for locking the stem and valve down in said limit of movement thereof."

A large number of patents have issued here and abroad on electric steam irons. Among them are: Mahlmann, 1916, German Patent No. 335,547; Taylor, 1917, No. 1,237,726; Kako, 1920, No. 1,347,224; Clark, 1923, No. 1,586,611; Rubenstein,

Supp. 601; Engineering Specialties Co. v. Burgess Battery Co., D.C.S.D.N.Y. 1941, 40 F.Supp. 1014.

This was true even in the older cases, before the Federal Rules, dealing with demurrers and motions to dismiss. Deitel v. La Minuette Trading Co., 2 Cir., 1930, 37 F.2d 41; Frank v. Western Electric Co., 2 Cir., 1928, 24 F.2d 642; Dubilier Condenser Corp. v. New York Coil Co., 2 Cir., 1927, 20 F.2d 723; Wright v. Wisconsin Lime & Cement Co., 7 Cir., 1917, 239 F. 534; Keystone Roofing Mfg. Co. v. Scutan Co., D.C. S.D.N.Y.1931, 46 F.2d 351; Bonnie-B Co. v. Giguet, D.C.S.D.N.Y.1919, 269 F. 272.

But even these summary devices were thought appropriate when the patent was manifestly void. Richards v. Chase Elevator Co., 1895, 158 U.S. 299, 15 S.Ct. 831, 39 L.Ed. 991; Risdon Iron & Locomotive Works v. Medart, 1895, 158 U.S. 68, 15 S.Ct. 745, 39 L.Ed. 899; Gray v. Texas Co., 8 Cir., 1935, 75 F. 2d 606; Friend v. Burnham & Morrill Co., 1 Cir., 1932, 55 F.2d 150; Coffield v. Sunny Line Appliance, 6 Cir., 1924, 297 F. 609; American Safety Device Co. v. Liebel-Binney Const. Co., 3 Cir., 1917, 243 F. 575; Dupont v. Dennison Mfg. Co., D.C.N.D.Ill.1925, 18 F.2d 317.

In this connection it is interesting to note that the court in Gatch Wire Goods Co. v. W. A. Laidlaw Wire Goods Co., 7 Cir., 1939, 108 F.2d 433, suggests that summary judgment is a more appropriate means of disposing of patent cases than motion to dismiss, although the latter may also be used.

**338**

1925, No. 1,672,040; Tabord, 1925, French Patent No. 602,293; Izumiya, 1927, No. 1,830,875; Quertainmont, 1930, French Patent No. 690,034; Eckstein, 1939, No. 2,233,048. The idea and general functioning of such irons have long since ceased to be novel; hence, the limitation of plaintiff's application to one claim. Rejected claim number 5 read:

"5. The combination with an iron having therein means for producing steam and including a steam chamber, a tube vertically arranged in said chamber, and the bottom of the iron having perforations therein, a member connected with the lower end of the tube and enclosing the perforations, said tube having a port therein for permitting steam to flow into the tube and to cause the steam to pass through the perforations in the bottom of the iron, a vent tube connected with the other end of the first tube above the port and a manually operated valve for connecting the vent with the port or for closing the vent and opening the port to the perforations."

Comparison of this rejected claim with the later accepted claim, supra, demonstrates that the patent office, with the prior art in mind, granted the patent only when plaintiff limited its range by great specificity in the mechanics of his steam control device. Only by granting plaintiff a monopoly as broad as the one embraced in rejected claim 5 can a basis be supplied for a finding of infringement.

The accused iron has a steam control device substantially different from that detailed in the plaintiff's claim. The accused iron has only one steam outlet aperture; a tube which does not depend through the top of the iron; no forwardly and upwardly inclined vent. It does not have a single tube, but (a) a fixed hollow threaded tube through which the steam escapes to the aperture and (b) a movable member above the tube with borings so that steam escapes to the outside atmosphere or is directed to the hollow threaded tube, depending upon the member's axial position, as controlled by a hand-operated lever, located outside the metal casing of the iron. Defendant's cylinder-type valve is entirely different from the plaintiff's piston-type spring-tension valve.

 A comparison of the accused iron with the patent claim, in light of the prior art, leads inevitably to the conclusion that plaintiff's patent was not infringed.

Defendant's motion for summary judgment is granted.