AMES SHOWER CURTAIN CO., Inc.,
Plaintiff,

v.

HEINZ NATHANSON, INC., Defendant.

No. 67 Civil 4884.

United States District Court
S. D. New York.

May 31, 1968.

Blum, Moscovitz, Friedman, Blum & Kaplan, New York City, for plaintiff; James K. Silberman, Harold I. Kaplan, New York City, of counsel.

Charles Sonnenreich, New York City, for defendant.

## OPINION

HERLANDS, District Judge:

Defendant moves for summary judgment, pursuant to Rule 56, Fed.R.Civ.P., as to the first cause of action of plaintiff's complaint on the ground of non-infringement of plaintiff's design patent, and for dismissal of the second and third causes of action on the ground of lack of jurisdiction. For the reasons hereinafter set forth, the motion is denied in all respects.

The complaint (filed December 13, 1967) states three causes of action: (1) alleging infringement of plaintiff's design patent, No. D. 209,467, for a shower curtain hook; (2) alleging common-law unfair competition in that defendant sought to "pass off" its goods as being plaintiff's goods; and (3) for a declaratory judgment, pursuant to 28 U.S.C. § 2201, that plaintiff is not guilty of unfair competition by engaging in certain acts, *inter alia*, advising its customers that it was seeking patent protection and that it intended to enforce its patent rights.

In its answer (filed January 22, 1968), defendant alleges that, for a variety of reasons, the patent is invalid and that it has not been infringed.

By notice of motion (filed February 1, 1968) defendant brought on this motion which seeks, in part, a summary judgment dismissing the first cause of action on the ground that, assuming the validity of Design Patent No. 209,467, defendant's shower curtain hooks do not infringe that patent as a matter of law.

In support of this motion, defendant has submitted affidavits of Heinz Nathanson, president of defendant; Sam Simeti, president of S & V Tool and Die Co., Inc., the manufacturer of the mold for the allegedly infringing shower curtain hook; and Albert Levine, president of Superior Shower Curtain Mfg. Co., Inc., a competitor firm engaged in the manufacture and distribution of shower curtain hooks. Defendant has also submitted a memorandum of law.

Defendant argues that the prior art is similar to the patented design and, therefore, that plaintiff's patent protection is limited to the *exact* design shown in the patent; that defendant's shower curtain hook and plaintiff's patented design are obviously dissimilar; and that defendant began to develop its hook in December, 1966, completed its mold in May, 1967, did not see or know of plaintiff's patented design or plaintiff's shower curtain hook until after May 4, 1967 [Nathanson affidavit, pp. 1–2; Simeti affidavit], and, therefore, defendant could not, and did not, copy the patented design.

Plaintiff did not file a formal cross-motion for summary judgment on the issue of infringement *vel non*; but plaintiff has made a cross-demand for partial summary judgment on the ground that the defendant has infringed the design patent as a matter of law.

In support of its position, plaintiff has submitted an affidavit of James A. King (president of plaintiff and the inventor of the patented design) as well as a memorandum of law. Plaintiff argues that the prior art is remote from the patented design; that a comparison of the patented design with the defendant's alleged infringing product clearly demonstrates infringement as a matter of law; that the infringement cannot be avoided by any minor modifications of the patented design; and that, in view of the substantial sales of plaintiff's hook throughout the country prior to the date defendant says it first saw or knew of plaintiff's patented design or hook [King affidavit, p. 3], the statements in

the affidavits submitted by defendant relating to *how* defendant developed its hook and *when* defendant first saw the patented design are "open to substantial doubt". [Plaintiff's Memorandum of Law, p. 14].

### I

As a preliminary matter, the Court must determine the propriety of granting summary judgment in this type of case.

█ In a patent case, although a district court should "exercise unusual caution" in granting summary judgment, such a judgment should be granted where there are no genuine issues as to any material fact and it is neither necessary nor desirable to hear expert witnesses. Monaplastics, Inc. v. Caldor, Inc., 378 F.2d 20, 21 (2nd Cir. 1967) (validity of patent); Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9, 10 (2nd Cir.) (validity—prior art and patent claims "easily understandable by anyone of most modest intelligence"), cert. denied 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123 (1956); Aileen Mills Co. v. Ojay Mills, Inc., 188 F.Supp. 138, 140–141 (S.D.N.Y.1960) (design patent infringement); Rubinstein v. Silex Co., 73 F.Supp. 336 (S.D.N.Y.1947) (infringement). Compare Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 260 F.2d 637, 641 (2nd Cir. 1958) (design patent—expert testimony necessary as to state of the industry); Filt-O-Pure Products Corp. v. Chemex Corp., 222 F.2d 424, 425 (2nd Cir. 1955) (design patent—case complicated by multitude of patents, copyrights and trademarks); Bucky v. Sebo, 97 F.Supp. 277, 279 (S.D.N.Y.1951) (infringement—complicated product).

█ More particularly, where a party moves for summary judgment in a patent infringement case on the issue of infringement, the Court may disregard the issue of the validity of the patent itself. Aileen Mills Co. v. Ojay Mills, Inc., 188 F.Supp. at 140; Rubinstein v. Silex Co., supra. See Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939); Duplex Electric Co. v. Padua Hold-Up Alarm Corp., 30 F.2d 344 (2nd Cir. 1929). But cf. Tappan Co. v. General Motors Corp., 380 F.2d 888, 890 (6th Cir. 1967).

█ Finally, there is authority in this circuit for granting summary judgment for the plaintiff herein in the absence of a formal cross-motion for summary judgment. See Local 33, International Hod Carriers etc. v. Mason Tenders etc., 291 F.2d 496, 505 (2nd Cir. 1961).

The Court may, therefore, proceed to the issue of infringement.

### II

Congress has provided for the issuance of design patents for the invention of "any new, original and ornamental design for an article of manufacture * * *." 35 U.S.C. § 171. Whoever "makes, uses or sells any patented invention" within the meaning of 35 U.S.C. § 271 infringes the patent. The primary question before this Court is whether, assuming the validity of plaintiff's patent, defendant's product infringes plaintiff's patented design.

Plaintiff's patent application (filed April 27, 1967) was granted on December 5, 1967 by the United States Patent Office as Design Patent 209,467 (Plaintiff's Exhibits 1 and 1A; Defendant's Exhibit IX). The patented design is described as "SHOWER CURTAIN HOOK"; and the claim is for "the ornamental design for a shower curtain hook, as shown and described." There is no further verbal description. There are, however, drawings of five views of the patented design. The patented design, when viewed transversely, consists of a large hook which is intended to encircle a shower curtain rod and which has a smaller hook at the other end to which the shower curtain is attached. The lowermost portion of the patented design extends outward at a reverse angle from the part which encircles the rod and has a rolled or rounded portion

which serves a purely ornamental purpose.

There is no dispute that defendant has made and sold a shower curtain hook identified as defendant's Exhibit I and III and plaintiff's Exhibit 5. The only question is whether this hook embodies plaintiff's patented design; in other words, does it infringe the patent.

■ The test of design patent infringement was formulated in Gorham Company v. White, 14 Wall. 511, 524 et seq., 81 U.S. 511, 524 et seq., 20 L.Ed. 731 (1871). In that case, the Supreme Court held that:

> "* * * if, in the eye of *an ordinary observer* [not an expert], giving such attention as a purchaser usually gives, *two designs are substantially the same*, if the *resemblance* is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." (14 Wall. at 528, 81 U.S. at 528, 20 L.Ed. 731) (Emphasis added.)

The Court noted that the true test of identity of design is the " * * * identity of appearance, or * * * sameness of effect upon the eye" (14 Wall. at 527, 81 U.S. at 527, 20 L.Ed. 731) and that although differences in "* * * the lines, the configuration * * *" and other details are to be considered, the design must be viewed as a whole (14 Wall. at 525–527, 81 U.S. at 525–527, 20 L.Ed. 731).

The principles stated in Gorham Company v. White have been consistently followed in this Circuit. See e.g. International Silver Co. v. Pomerantz, 271 F.2d 69, 72 (2nd Cir. 1959); Gold Seal Importers, Inc. v. Morris White Fashions, Inc., 124 F.2d 141 (2nd Cir. 1941); North British Rubber Co. v. Racine Rubber Tire Co., 271 Fed. 936, 938 (2nd Cir. 1921) (design must be viewed as a whole); Graff, Washbourne & Dunn v. Webster, 195 Fed. 522, 524 (2nd Cir. 1912) (infringing design need not be a "Chinese copy"); Aileen Mills Co. v. Ojay Mills, Inc., 188 F.Supp. at 142;

Kanné & Bessant, Inc. v. Eaglelet Metal Spinning Co., 54 F.2d 131, 133 (S.D.N.Y.1931).

Although it is true that "in a suit for infringement of a design patent, the patent must be limited in view of the prior art * * *", 2 Deller's Walker on Patents § 179, at 834 (2nd ed. 1964); North British Rubber Co. v. Racine Rubber Tire Co., 271 Fed. at 938; Rowley v. Tresenberg, 37 F.Supp. 90 (E.D. N.Y.1941), affirmed, 123 F.2d 844 (2nd Cir. 1941) (per curiam), that proposition does not aid defendant's position. While in *Rowley* the patented design showed such a small difference from the prior art that the patent was given a narrower scope, in this case the prior art brought to the Court's attention does not seem to disclose the ornamental design of the patent in suit.

The defendant relies upon two prior art shower curtain hooks; one is the so-called Dweck hook (Defendant's Exhibit II) and the other is the HER-SCHENSOHN hook (for which an unverified photocopy of design patent No. 118,478 dated January 9, 1940 is included as part of the Nathanson affidavit). The defendant urges that the patented design was formed by merely adding " * * * the round disc shown in Herschensohn patent Des. 118,478" to the Dweck hook (Nathanson affidavit, p. 4; Defendant's Memorandum, p. 2). Plaintiff, on the other hand, argues that "neither of these references remotely resemble * * *" the patent in suit (Plaintiff's Memorandum, p. 12) and that, if plaintiff combined the prior art references as defendant describes, the resulting hook would not resemble the patented design.

The distinctive quality of plaintiff's patented design is created by its rolled or rounded lowermost portion. Neither the Dweck hook (Defendant's Exhibit II) nor the Herschensohn design resemble the patent in suit in this respect. The Dweck hook has a lowermost portion which is flat and substantially vertical when held in a normal hanging position. As far as it can be determined,

the Herschensohn design has a flat disc at its lowermost portion which does not extend beyond the flat back of the hook. In addition, the prior art, when viewed as a whole, does not convey the peculiar or distinctive appearance of the patent in suit.

■ The Court concludes that the patent in suit is limited only to the extent that the prior art contain a large hook to encircle a shower curtain rod and a smaller hook at the other end to which a shower curtain is attached. These elements are functional and must, therefore, be disregarded on the issue of infringement of a design patent. See Bercy Industries, Inc. v. Mechanical Mirror Works, Inc., 274 F.Supp. 157, 160 (S.D.N.Y.1967).

■ With the above-mentioned limitation in mind, this Court holds that defendant's hook (Defendant's Exhibit I; Plaintiff's Exhibit 5) clearly infringes plaintiff's patented design. Defendant's hook embodies the novel and distinctive element of the patented design and is identical in general appearance to the patented design. This identity of appearance exists whether the designs are viewed from the front or the side. The only difference between defendant's Exhibit I and the patented design is one of detail; i.e., the opening or hole in the rolled or rounded lowermost portion of defendant's hook. This difference does not vary the aesthetic effect upon the eye when the patented design and the defendant's hook are each viewed as a whole.

Applying the principles enunciated in Gorham Company v. White to this case, there can be little doubt that the two designs have substantially the same effect upon the eye of the ordinary observer who gives the matter such attention as purchasers normally give. See Gold Seal Importers, Inc. v. Morris White Fashions, Inc., supra.

■ It is basic to patent law that infringement does not depend upon what the patentee manufactures or sells but rather upon what has been patented.

Aileen Mills Co. v. Ojay Mills, Inc., 188 F.Supp. at 143. However, it is relevant to note that even defendant's president found it difficult to distinguish between his own hook and plaintiff's commercially produced hook (Defendant's Exhibit X; Plaintiff's Exhibit 3)—which is substantially similar, if not identical, to the patented design—when asked to identify his own hook at an examination before trial (Deposition of Defendant by its president, Heinz Nathanson, January 31, 1968, quoted in Plaintiff's Memorandum, p. 15). This confusion merely reinforces the Court's own conclusion that the "ordinary observer" would be deceived into purchasing defendant's hook believing it to be plaintiff's. See Tappan Co. v. General Motors Corp., 380 F.2d at 891 ("The essence of [design patent] infringement is the likelihood of consumer deception * * *").

The Court reaches the same conclusion with respect to defendant's hook exemplified by Defendant's Exhibit III. Defendant admits that its Exhibit III is "another version" of the infringing hook and that Exhibit III "* * * consists of the same design of Exhibit I with the addition of a flower glued to the lower portion of the hook * * *." (Nathanson affidavit, p. 2.)

■ It has long been held that a servile imitation or "Chinese copy" is not necessary for a finding of design patent infringement. See International Silver Co. v. Pomerantz, 271 F.2d at 72; American Fabrics Co. v. Richmond Lace Works, 24 F.2d 365, 367 (2nd Cir. 1928); Geo. Borgfeldt & Co. v. Weiss, 265 Fed. 268, 273 (2nd Cir. 1920); Graff, Washbourne & Dunn v. Webster, 195 Fed. at 524; Bercy Industries, Inc. v. Mechanical Mirror Works, Inc., 274 F.Supp. at 161. But cf. Ashley v. Samuel C. Tatum Co., 186 Fed. 339 (2nd Cir. 1911), cert. denied 225 U.S. 707, 32 S.Ct. 839, 56 L.Ed. 1266 (1912). The addition of the ornamental floral stud does not sufficiently modify the general appearance of defendant's hook. The likelihood of consumer deception is still sufficiently present.

■ Defendant argues that the facts prove that it could not have, and did not, actually copy plaintiff's hook or the patented design. The plaintiff disputes this assertion. However, it is not necessary to decide this factual issue here. (Moreover, it would not be proper to decide this factual issue on a motion for summary judgment.) It is sufficient to note that neither knowledge of the patent nor intent to infringe is relevant to the issue of infringement, Thurber Corp. v. Fairchild Motor Corp., 269 F.2d 841, 845, 849 (5th Cir. 1959), except with respect to the computation of damages. See Upjohn Co. v. Italian Drugs Importing Co., 190 F.Supp. 361, 367 (S. D.N.Y.1961).

### III

■ In view of the foregoing, that part of defendant's motion seeking dismissal of the second and third causes of action of the complaint—relating to claims of unfair competition—on the ground of lack of jurisdiction must also be denied. The first cause of action—for design patent infringement—obviously states a "* * * substantial and related claim under the * * * patent * * * laws" within the meaning of 28 U.S.C. § 1338(b). See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) (federal claim substantial unless it " * * * clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction * * *"); A. H. Emery Company v. Marcan Products Corporation, 389 F.2d 11, 20 n.10 (2nd Cir. 1968).

Accordingly, defendant's motion for summary judgment as to the first cause of action and for dismissal of the second and third causes of action is hereby denied. Plaintiff's cross-demand for partial summary judgment on the issue of infringement is hereby granted.

So ordered.