## JOHN TUMAN & SONS, Inc., v. BASSE.

### No. 351.

Circuit Court of Appeals, Second Circuit.

July 19, 1940.

Charles Sonnenreich, of New York City, for plaintiff-appellant.

Leon Seinfeld, of Brooklyn, N. Y., for defendant-appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

■ This appeal brings up the question of whether or not an infringer may successfully defend a suit for the infringement of a patent by showing that the plaintiff has only such title as may be obtained by an assignee before the patent issued when the assignment was not recorded in the Patent Office in conformity to the provisions of 35 U.S.C.A. § 44. The action was the usual one in equity and the trial judge found the patent valid and infringed but dismissed the complaint because the assignment had not been recorded under the provisions of the above statute. No question as to the soundness of the decision respecting validity and infringement is now presented.

■ We cannot agree that an assignment of a patent otherwise in every respect sufficient, as this assignment was shown to be, to pass the title to the assignee is invalid as to an infringer merely because it has not been recorded in the Patent Office. The assignment of a patent is a common occurrence for which the statute makes express provision, 35 U.S.C.A. § 47. It has many times been decided that the assignment may be before the patent has been granted. Crown Die & Tool Co. v. Nye Tool & Mach. Works, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516; Hendrie v. Sayles, 98 U.S. 546, 25 L.Ed. 176; Keystone Type Foundry v. Fastpress Co., D.C., 263 F. 99; Garfield v. Western Electric Co., D.C., 298 F. 659; Southern Textile Mach. Co. v. Fay Stocking Co., D.C., 243 F. 917; Gayler et al. v. Wilder, 10 How. 477, 13 L.Ed. 504. The decision in the last-named case did make the recording of the assignment a condition upon validity but it was under the Patent Act of 1836, p. 357, which expressly provided that every assignment should be recorded in the Patent Office within three months from the execution thereof. In United States Stamping Co. v. Jewett, C.C., 7 F. 869 the first assignment had been duly recorded before the second was made and it was unnecessary to decide more than that the first was valid when recorded. In Heywood-Wakefield Co. v. Small, 1 Cir., 96 F.2d 496, however, it was held that the present statute made the recording of an assignment an absolute condition upon validity.

■ The now applicable statute is 35 U.S.C.A. § 47. It provides that "* * * An assignment, * * * shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from the date thereof or prior to such subsequent purchase or mortgage. * * *" This statute does not require recording to support the validity of an assignment, except as to subsequent purchasers or mortgagees without notice, and by implication recognizes its

validity as to all others. Nor do we know of any principle of law which gives to the infringer of a patent any right to question an assignor's title merely because there has been no record of the assignment. The only possible interest of such an infringer which deserves protection is the avoidance of the danger of being sued more than once for the same unlawful act. It is, however, clear that a patentee who has assigned, as did this patentee, cannot maintain a suit for infringement; and there could be no such danger from any other quarter. Sec. 44 of Title 35 U.S.C.A. does, indeed, provide that a patent may be issued and re-issued to the assignee of the inventor "but the assignment must first be entered of record in the Patent Office". Both by its language and the construction put upon it by Rule 188 of the Rules of Practice of the Patent Office, this statute but limits the assignee's right to have the patent granted directly to him. Unless the assignment is recorded the patent will be issued in the name of the inventor though that would not, of course, make the assignment itself any the less binding upon the parties to it. To the extent that recording of the assignment was held in Heywood-Wakefield v. Small, supra, to be an absolute prerequisite to the passage of title to the assignee, we regret that we find ourselves in disagreement.

Reversed, with directions to enter a decree for the plaintiff.