### S. R. LEON, Inc., v. PARFUMS SCHIAPARELLI, Inc.

District Court, S. D. New York.

Sept. 18, 1940.

James Harte Levenson, of New York City, for plaintiff.

Coudert Brothers, of New York City (Walter R. Barry, and Alexis C. Coudert, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff and defendant have made cross-motions under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for summary judgment. The complaint alleges an infringement by defendant of United States Design Patent No. 116,032, issued August · 8th, 1939, to Harry Jacknick, plaintiff's assignor, for a perfume bottle. The answer denies validity and infringement.

■ The parties have stipulated in writing that certain exhibits, including a copy of plaintiff's patent, the product to which plaintiff's design is applied, a model of the allegedly infringing bottle used by defendant, copies of assertedly anticipatory design patents and certain facts, "shall constitute and be deemed the evidence taken herein as though adduced upon a trial of the action." The matters included in the stipulation are more than are necessary for a disposition of the case and there is no dispute as to a material issue of fact such as would bar the granting of a summary judgment under Rule 56 of the F.R.C.P. Although it has been indicated that a patent case in which both validity and infringement of a patent are in issue, may not properly be disposed of upon a motion for summary judgment (see, Refractolite Corp. v. Prismo Holding Corp., D.C., 25 F.Supp. 965) such a ruling has no application to a case such as this, in which there is a practical agreement that all the evidence is before the court. Even before Rule 56, however, the disposition of design patent suits upon motion had been approved by· the courts, where the case could be disposed of on the issue of noninfringement. See Mallinson v. Ryan, D.C., 242 F. 951; Fruit Industries v. Metro Glass Bottle Co., D.C., 18 F.Supp. 489, 494.

■ Assuming the validity of the patent, the issue of infringement should be disposed of first. American Fabrics Co. v. Richmond Lace Works, 2 Cir., 24 F.2d 365; Duplex Elec. Co. v. Padua Hold-up Alarm Corp., 2 Cir., 30 F.2d 344. Indeed, an adjudication that a patent is valid, where no infringement is found, has been held to be improper. Electrical Fittings Corp. et al. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263.

The plaintiff's Exhibit A, which conforms to the design shown in the patent, is the shape of a flower, entirely enclosing a bottle so that only the stopper for the bottle protrudes through the flower. The flower appears to be the perfume receptacle. The flower itself is some type of rose and the stopper appears to be part of the rose. Defendant's allegedly infringing article (Ex. 1) is a rectangular perfume bottle set in a base or holder, which is in the shape of an open flower. Practically all of the bottle extends above the base. The bottle itself appears to be and is the perfume receptacle. The bottle is secured to the flower-shaped base by wires running from its neck to around the base.

■ The test of infringement in a design patent case is whether an ordinary purchaser would purchase defendant's product believing it to be plaintiff's; whether the two designs have substantially the same effect upon the eye,—not the eye of an expert, but the eye of the ordinary observer, giving such attention to the matter as purchasers usually give. Gorham Co. v. White, 14 Wall. 511, 20 L.Ed. 731; American Fabrics Co. v. Richmond Lace Works, supra. Here the differences between the two products are obvious and great, even to the eye of the casual observer. In plaintiff's design, the dominant feature is the flower, in defendant's it is the bottle. I must hold therefore, that there has been no infringement.

■ In opposing plaintiff's motion defendant has argued that a failure to record the assignment of the design patent to

plaintiff in itself is a bar to recovery. Under the recent decision of the Circuit Court of Appeals for the Second Circuit in John Tuman & Sons v. Harry Basse, 113 F.2d 928, decided July 19th, 1940, recordation of an assignment of a patent is not a condition precedent to bringing suit.

For the reasons stated, defendant's motion for summary judgment dismissing the complaint will be granted on the ground that there is no infringement between its product and that covered by plaintiff's design patent. Plaintiff's motion is denied.

Submit order on notice.