## NATIONAL MULTIWEAVING CO. v. YOUNG.
### Civ. A. No. 517.

United States District Court
N. D. Texas, Wichita Falls Division.
July 24, 1950.

J. Preston Swecker, Washington, D. C., Edgar M. Mann, Wichita Falls, Tex., for plaintiff.

Earl Babcock, Houston, Tex., Arch Dawson, Wichita Falls, Tex., for defendant.

ATWELL, District Judge.

Plaintiff sued on the Stevens patent which covers the patching of a hole in a garment, for alleged infringement, damages and injunction. After pleadings, interrogatories, and admissions by each side, each seeks a summary judgment.

One of the issues presented by the defendant for such judgment, is that the plaintiff's patent, as assignee of Stevens, is void because anticipated by a British patent, No. 8975, in 1897. The patent office refused the patent. The patentee sued in the United States District Court

for the Washington district, and that court held that the Stevens patent was valid and directed its issuance. It was so issued.

The defendant claims that the British patent was not before the district court. Plaintiff contends that an identical patent as to method and process, known as the Johnson patent, was before the court.

 Federal Rule of Civil Procedure 56, 28 U.S.C.A., with reference to summary judgment, does not permit such a judgment when there is an issue of fact to be tried. Boerner v. United States, D.C., 26 F.Supp. 769. Hazeltine Research, Inc., v. General Electric Co., 7 Cir., 183 F.2d 3.

The court should be able to say that there are no current issues of fact, in order to grant a summary judgment. That mental conclusion cannot safely follow in this case. The application of the plaintiff for a summary judgment, as well as the application of the defendant for a summary judgment, must each be denied because of that situation.

There are a number of interesting cases that the student may pursue, some of which are: Bridgeport Bracer Company v. Bostwick Laboratories, 2 Cir., 181 F.2d 315; Brown v. Ford Motor Co., D.C., 57 F. Supp. 825; S. R. Leon, Inc., v. Perfums Schiaparelli, D.C., 35 F.Supp. 641.

Such authorities lean toward the proposition that summary judgment may be granted in patent cases the same as in any other litigation. When the court is able to determine the invention claimed, from a mere comparison of such claimed inventions with the accused devices determined, the court may safely make such a determination.

So, when the patent is manifestly void, the summary remedy may be applied. Risdon Iron & Locomotive Works v. Medart, 158 U.S. 68, 15 S.Ct. 745, 39 L.Ed. 899; Gray v. Texas Company, 8 Cir., 75 F.2d 606.

If there is no expert testimony required to understand the patent and the prior art relied upon, the case of Montmarquet v. Johnson, D.C., 82 F.Supp. 469, supports the dismissal on summary judgment.

The pleadings and argument developed that what seems to be a simple and easily understood method of patching a hole in a garment has been so perfected by the art patented to Stevens that it includes a needle with the thread at the point and a hook, as well as a fringing of the patch so that the threads which form the fringe are woven into it from warp and woof of the garment at the exposed edges of the hole which is in the garment. This word description of the process is much more simple than is the method itself, and that method is the value to the art and ought not to be determined upon a directed judgment for either the plaintiff, or, the defendant.

The issues of fact are undetermined upon a summary hearing and both motions are overruled.