**In re OTTO FABRIC, INC., Debtor.**

**CITY BANK AND TRUST COMPANY, Plaintiff,**

**v.**

**OTTO FABRIC, INC., A Corporation, Defendant.**

**Bankruptcy No. 85–40377.
Adv. No. 85–0146.**

United States Bankruptcy Court, D. Kansas.

Dec. 13, 1985.

Don W. Riley, Wichita, Kan., for City Bank and Trust Co.

David G. Arst, Wichita, Kan., for Otto Fabrics.

Carol A. Park, Wichita, Kan., Asst. U.S. Trustee.

## MEMORANDUM

JAMES A. PUSATERI, Bankruptcy Judge.

This case is before the Court on the complaint of the City Bank and Trust Com-

---

pany, a creditor, seeking stay relief, abandonment and/or foreclosure of a security interest. The chapter 11 debtor, Otto Fabric, Inc., opposes the sought after relief and seeks to avoid any lien City Bank & Trust Co. (CBT) may have as a preference as provided by 11 U.S.C. § 547.

The parties have agreed to grant partial relief and release to CBT certain motor vehicles, supplies, equipment, furniture and fixtures. The items remaining in dispute are rights to existing patents, contract rights, receivables and general intangibles. At issue is the appropriate place for perfection of the security interests taken by CBT and the timing of perfection.

CBT is represented by Don W. Riley, Wichita, Kansas. Otto Fabrics, Inc. is represented by David G. Arst, Wichita, Kansas.

### FINDINGS OF FACT

A debtor-creditor relationship exists between CBT and Otto Fabric, Inc. This relationship is memorialized in a series of notes, security agreements, financing statements and a patent assignment. The debtor granted security in its contract rights and general intangibles and receivables to CBT in May, 1983 and a financing statement describing these items was filed with the Secretary of State in Topeka, Kansas on May 19, 1983. The May, 1983 security agreement has not been cancelled, the financing statement has not expired and the debtor still has a substantial obligation to CBT. The last advance to the debtor occurred in November of 1984. Thereafter, on January 4, 1985 the debtor executed a security agreement and financing statement granting an interest in a number of described patents. The financing statement was filed with the Secretary of State in Topeka, Kansas on January 7, 1985 and with the Register of Deeds of Sedgwick County, Kansas on or about the same date. The security agreement recites that a patent assignment is to be taken later. On January 11, 1985 a patent assignment covering the same patents was executed by the debtor and on January 18, 1985 the assignment was recorded in the United States Patent and Trademark Office. The debtor filed its chapter 11 petition on April 8, 1985.

### CONCLUSIONS OF LAW

A chapter 11 debtor has the powers of a trustee. The debtor therefore may avoid a transfer of its property which was made:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title [11 USCS §§ 701 et seq.];

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title [11 USCS §§ 1 et seq.].

11 U.S.C. § 547(b). Under 11 U.S.C. § 547(f), the debtor is presumed insolvent during the 90 days immediately preceding the date of filing of the petitions.

Under subsection (e)(2), a transfer is made:

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days ...

The granting of a security interest and filing of a financing statement in 1983 perfected CBT's interest in the debtor's contract rights and general intangibles. K.S.A. § 84–9–302. Contract rights include

receivables and both are included within the term accounts. K.S.A. § 84–9–106. As the chapter 11 was filed in 1985, 11 U.S.C. § 547 is simply not applicable to this transaction even though the security interest was granted for antecedent debt.

The 1985 patent assignment and security agreement, however, present a more difficult issue.

Ownership and assignment of patents is governed by federal statute. 35 U.S.C. § 261 establishes a reporting system for patents. It provides in part: "An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage."

The January 11 patent assignment was recorded in the Patent and Trademark Office within three months from that date, and to the Court's knowledge, no subsequent purchaser or mortgagee intervened. CBT's interest was perfected under 35 U.S.C. § 261.

Shortly before the assignment, CBT took a security interest in the same patents and filed a financing statement with the Kansas Secretary of State. The security interest would be perfected under K.S.A. §§ 84–9–302 and 84–9–401, assuming that those statutes apply to patents.

Unfortunately for the creditor, perfection alone is not dispositive of the preference issue. *When* perfection occurred is a significant factor under 11 U.S.C. § 547.

The debtor granted CBT an interest in its patents as additional security for an antecedent debt. The security was in two forms: the security agreement dated January 4, 1985 and the assignment dated January 11, 1985 covering the same patents. The chapter 11 petition was filed on April 8, 1985.

The financing statement reflecting the January 4 security agreement was filed with the Kansas Secretary of State within ten days of January 4. If that was the proper method of perfection, then under 11 U.S.C. § 547, the transfer would have occurred on January 4, which is outside the 90 day preference period. The transfer would not be a voidable preference.

The assignment of the same patents, however, was executed on January 11, and recorded in the Patent and Copyright Office on January 19. Both dates are within the 90 day preference period. If 35 U.S.C. § 261 governs the method of perfection, the transfer would be a voidable preference.

Ordinarily, the filing of a financing statement with the Secretary of State will perfect a security interest in general intangibles. K.S.A. § 84–9–401. K.S.A. § 84–9–302(3), however, provides:

"A security interest in (a) property subject to a statute of the United States which provides for national registration or filing of such security interests in such property . . .

Can be perfected *only* by presentation, for the purposes of such registration or such filing . . . of the documents appropriate under any such statute to the appropriate official under any such statute and tender of the required fee . . ." (Emphasis added).

The Kansas Comment to K.S.A. § 84–9–302 states that the federal patent assignment statute, 35 U.S.C. § 261, preempts UCC filing. See B. Clark, The Law of Secured Transactions Under the Uniform Commercial Code, 2–28 (1980). See also Handler and Lin, How to Perfect Security Interests in Patents, Trademarks and Copyrights, 11 U.C.C.L.J. 346, 351 (1979).

The Official Comment to K.S.A. § 84–9–302 states:

Subsection (3) exempts from the filing provisions of this Article transactions as to which an *adequate* system of filing has been set up outside this Article and . . . makes clear that when such a system exists perfection of a relevant security interest can be had only through compliance with that system (i.e., filing under

this Article is not a permissible alternative)." (emphasis added)

CBT contends that recording in the Patent and Trademark Office is not an adequate system because a transaction filed there is not perfected within the meaning of 11 U.S.C. § 547(e)(1)(B). That subsection provides that a transfer is perfected "when a creditor on a simple contract cannot acquire an interest that is superior to the interest of the transferee." In CBT's view, recording with the Patent and Trademark Office under 35 U.S.C. § 261 protects a transferee only against "any subsequent purchaser or mortgagee," and offers no protection against judgment lien holders. This would leave UCC filing as the only method of perfection under 11 U.S.C. § 547.

In support, the Bank relies on *In Re Transp. Design & Technology, Inc.,* 48 B.R. 635 (Bankr.S.D.Cal.1985). In that case, the creditor took a security interest in the debtor's general intangibles, which included a patent. The Bank filed a financing statement with the California Secretary of State, but did not record the transaction with the Patent and Trademark Office. After the debtor filed a bankruptcy petition, the trustee sought to avoid the security interest under 11 U.S.C. § 544.

The Court held that filing with the Patent and Trademark Office was not necessary to perfect against judgment lien holders because 35 U.S.C. § 261 refers only to perfection against "any subsequent purchaser or mortgagee." Instead, UCC filing perfected against judgment lien holders. The Court found no conflict between federal filing and UCC filing because UCC 9–104(a) excludes from Article 9 security interests subject to a federal statute only "to the extent that such statute governs the rights of parties to and third parties affected by transactions ..." In the Court's view, 35 U.S.C. § 261 did not govern the rights of judgment lien holders.

■ This Court, however, rejects *Transportation Design* and concludes that Patent and Trademark Office filing is an adequate filing system that entirely pre-empts UCC filing. One of the purposes of article 9 is to provide a rational and convenient filing system for security interests. See Official Comment to K.S.A. § 84–9–101. Requiring both federal and UCC filing to perfect a creditor's interest in a patent would be contrary to that purpose.

Title 35 U.S.C. § 261 provides that patents are "assignable in law by an instrument in writing." An agreement transferring patent rights must be either an assignment or a license. *Waterman v. MacKenzie,* 138 U.S. 252, 255, 11 S.Ct. 334, 335, 34 L.Ed. 923 (1891); *CMS Industries, Inc. v. L.P.S. Intern., Ltd.,* 643 F.2d 289 (5th Cir.1981). See *United States v. Dubilier Condenser Corp.,* 289 U.S. 178, 187, 53 S.Ct. 554, 77 L.Ed. 1114 (1933); *Blum v. Commissioner of Internal Revenue,* 183 F.2d 281, 287 (3rd Cir.1950). An assignment vests title in the assignee. A license, on the other hand, conveys no property interest in a patent, and is merely the right not to be sued for infringement. *L.L. Brown Paper Co. v. Hydroiloid, Inc.,* 32 F.Supp. 857, 867–68 (S.D.N.Y.1939).

■ A patent may be assigned as collateral for a loan. See *Waterman v. MacKenzie,* 138 U.S. 252, 11 S.Ct. 334; *Magnuson Industries, Inc. v. Co-Rect Products, Inc.,* 676 F.2d 703, 213 U.S.P.Q. 652 (8th Cir.1981); *Railex Corporation v. Joseph Guss & Sons, Inc.,* 40 F.R.D. 119 (D.D.C. 1966). Such an assignment, when filed with the Patent and Trademark Office, protects the creditor-assignee against *all* third parties. At least two circuits have stated that the patent assignment statute "does not require recording to support the validity of an assignment, except as to subsequent purchasers or mortgagees without notice, and by implication recognizes its validity as to *all* others." (emphasis added) *Why Corporation v. Super Ironer Corporation* 128 F.2d 539, 541 (6th Cir. 1942); *John Tuman & Sons, Inc. v. Basse,* 113 F.2d 928 (2nd Cir.1940). See *Bailey v. Chattem, Inc.,* 684 F.2d 386, 392–93 (6th Cir.1982). The filing protects against subsequent purchasers and mortgagees under

35 U.S.C. § 261. The assignment itself, whether filed or not, protects the creditor-assignee against subsequent judgment creditors because it passes title. A judgment creditor cannot obtain property no longer owned by the debtor.

Title 35 U.S.C. § 261 therefore establishes an adequate filing system that entirely preempts UCC filing. The UCC does not govern the rights of third parties affected by transfers of patent rights.

■ Consequently, the January 7 UCC filing did not perfect the Bank's interest. The January 11 assignment did so, but that date is within the 90 day preference period, and the assignment is voidable under 11 U.S.C. § 547.

The January 4 security agreement was executed before the 90 day preference period. Under pre-UCC law, a mortgage of a patent was deemed an assignment unless the instrument provided otherwise. *Curtiss v. United States*, 75 Ct.Cl. 286, 13 U.S.P.Q. 400 (1932). Even assuming that the rule in *Curtiss* applies to UCC security interests, which are the successors to chattel mortgages, the January 4 security agreement cannot be deemed an assignment because the instrument expressly provided otherwise. It contemplated an assignment of the patents in the future. Whatever effect the security agreement might have, it was not an assignment, and so was unperfected against judgment creditors.

Therefore, it is the ruling of this Court that the security interest in and assignment of the debtor's patents are voidable under 11 U.S.C. § 547. The security interest in the debtor's contract rights, receivables and general intangibles is not voidable under 11 U.S.C. § 547 and CBT is granted relief from stay to enforce this security interest.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.