**CITY BANK AND TRUST
COMPANY, Appellant,**

v.

**OTTO FABRIC, INC., a
corporation, Appellee.**

**Nos. 85–4521–R, 85–40377.**

United States District Court,
D. Kansas.

Feb. 9, 1988.

Barkley Clark, Don W. Riley, Wichita, Kan., for appellant.

David G. Arst, Wichita, Kan., for appellee.

Larry Schneider, Trustee, Topeka, Kan., Carol A. Park, Asst. U.S. Trustee, Wichita, Kan.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a bankruptcy appeal. The central question is how one perfects a security interest in patents; more specifically, whether a federal filing is necessary to perfect a security interest in patents as against a trustee in bankruptcy. The salient facts are undisputed. In May 1983, the appellant, City Bank and Trust Company, received a security interest from the debtor, Otto Fabric, Inc., in all contract rights, receivables and general intangibles. A financing statement describing the collateral was filed in the same month with the Secretary of State in Topeka, Kansas. Thereafter, the bank made further advances to the debtor. The security agreement did not expire and was not cancelled. The last advance from the bank was made on November 5, 1984.

On January 4, 1985, the debtor executed a new security agreement which included other assets in addition to contract rights, receivables and general intangibles. Specific reference was made to three patents as collateral. The collateral description included the following statement: "The undersigned agrees to execute an absolute assignment for collateral purposes of the above patents immediately upon demand." On January 7, 1985, a financing statement for the collateral described in the new security agreement was filed with the Secretary of State in Topeka, Kansas. Four days later, on January 11, 1985, a notarized

patent assignment was executed by the debtor. The assignment was recorded with the U.S. Patent and Trademark Office on January 18, 1985. On April 8, 1985, the debtor filed a bankruptcy petition under Chapter 11.

This appeal arises from an adversary proceeding filed by the bank for the purpose of obtaining relief from the stay to foreclose upon its security interest. This relief was granted as to all the collateral described in the bank's security agreements, with the exception of the patents. The bankruptcy court held that the bank had not perfected its security interest in the patents before the 90–day preference period set forth in 11 U.S.C. § 547. According to the bankruptcy court, the bank's lien as to the three patents was perfected upon the execution or filing of the assignment. Since these events occurred within the 90–day preference period, the assignment was held voidable under the statute. The bank timely appealed the bankruptcy court's ruling. The bankruptcy has since been converted to a Chapter 7 proceeding. The trustee in bankruptcy has assumed the debtor's position in the instant appeal. The trustee's position with regard to the collateral is that of a lien creditor. 11 U.S.C. § 544(a)(3).

The appellant argues that the bank's security interest was properly perfected, at the latest, on January 4 or January 7, 1985, when the new security agreement was executed and the related financing statement was filed. This is outside the 90–day preference period. The appellee contends that the security interest was not perfected until the assignment was executed, which is within the 90–day preference period. The only element of a voidable preference in dispute in this case is whether the "transfer" of property occurred on or within 90 days of the date of the filing of the bankruptcy petition.

The bankruptcy court held that Title 35 United States Code § 261 controls the method of perfecting a security interest in patents and, therefore, a federal filing is required to perfect a security interest, 55 B.R. 654. This statute provides:

Subject to the provisions of this title, patents shall have the attributes of personal property.

Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing. The applicant, patentee, or his assigns or legal representatives may in like manner grant and convey an exclusive right under his application for patent, or patents, to the whole or any specified part of the United States.

A certificate of acknowledgment under the hand and official seal of a person authorized to administer oaths within the United States, or, in a foreign country, of a diplomatic or consular officer of the United States or an officer authorized to administer oaths whose authority is proved by a certificate of a diplomatic or consular officer of the United States, or apostille of an official designated by a foreign country which, by treaty or convention, accords like effect to apostilles of designated officials in the United States, shall be prima facie evidence of the execution of an assignment, grant or conveyance of a patent or application for patent.

An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage.

Under the Uniform Commercial Code, K.S.A. 84–9–302(3), the perfection of a security interest in property "subject to a statute of the United States which provides for national registration or filing of such security interests in such property" can only be pursuant to the procedures set forth in the federal statute. In other words, the UCC states that, as to some property, UCC perfection procedures are preempted by federal statute. Appellant has taken the position that whether or not 35 U.S.C. § 261 preempts the UCC for the perfection of security interests, perfection was achieved outside of the preference pe-

riod. The court agrees with appellant's position.

In support of the bankruptcy court's holding, however, it should be noted that the comments to K.S.A. 84–9–302 state that 35 U.S.C. § 261, the federal patent assignment statute, occupies the field of filing. See also, G. Gilmore, SECURITY INTERESTS IN PERSONAL PROPERTY § 19.9 (1965). It should further be noted that a requirement of a federal filing for perfection of a security interest in patents would produce a single and absolute system of securing a creditor's interest in patents as collateral. The filing of a security interest with the U.S. Patent and Trademark Office "is equivalent to a delivery of possession, and makes the title of the mortgagee complete towards *all* other persons, as well as against the mortgagor." *Waterman v. Mackenzie*, 138 U.S. 252, 260, 11 S.Ct. 334, 337, 34 L.Ed. 923 (1891) (emphasis supplied); see also, 37 C.F.R. § 1.333 (1987) (assignments of patents conditional on payment of money or other condition are treated as absolute assignments if recorded). The bankruptcy court held that this was more rational and convenient than requiring both a state and federal filing and, therefore, was more consistent with the purposes of the UCC.

The court disagrees with the bankruptcy court's position for the following reasons. First, the federal statute does not expressly state that one must file an assignment with the Patent and Trademark Office to perfect a security interest. The statute has been amended since the advent of modern commercial law. If Congress intended to preempt the field of filing, it could have said so. Second, the federal statute appears to leave open the area of protection against the interests of lien creditors. The statute reads that "[a]n assignment ... shall be void as against any *subsequent purchaser or mortgagee* for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage." (Emphasis added.) While recording an assignment with the Patent Office *would* protect the assignee

against the claim of a subsequent lien creditor, the statute does not state that the assignment *must* be recorded to provide such protection. Thus, while the federal statute may preempt in part the system for perfecting security interests in patents, it is only a partial preemption. It leaves open a state filing to protect one's security interest in a patent against a lien creditor. See *In re Transportation Design and Technology, Inc.,* 48 B.R. 635 (Bkrtcy.S.D.Cal. 1985). The comments to K.S.A. 84–9–302 are not inconsistent with this construction. The comments state that the federal statute occupies the field of filing—not that the statute is totally preemptive. See also, K.S.A. 84–9–104 (Article 9 does not apply "to a security interest subject to any statute of the United States ... *to the extent* that such statute governs the rights of the parties" ...) (emphasis added).

But, assuming the federal statute completely preempted the field of filing, the failure of the statute to mention protection against lien creditors suggests that it is unnecessary to record an assignment or other conveyance with the Patent Office to protect the appellant's security interest against the trustee. In other words, regardless of whether preemption is total or partial, the statute does not require a federal filing for protection against lien creditors.

Finally, to require a federal filing and thus a collateral assignment to perfect a security interest in a patent seems inconsistent with the modern notion that a grant of a security interest need not include the conveyance of title or ownership rights. Several cases have distinguished the grant of a security interest from an assignment. In *Holt v. United States,* 73–2 U.S.T.C. (CCH) P9680, 13 U.C.C.Rep.Serv. 336 (D.D. C.1973), the court stated:

The court is not convinced by defendants' argument that a written assignment of the patent application was necessary to create a security interest. Copycomposer Corporation did not convey title in the patent application; it only granted a security interest. 35 U.S.C. § 361 (1970)

is inapplicable because there was no assignment.

13 U.C.C.Rep.Serv. at 339.

In *In re Transportation Design and Technology, Inc.,* supra, the court commented:

Mitsui correctly observes that the grant of a security interest is not a conveyance of a present ownership right in the patent and, that like the creation of some other lesser rights in a patent (such as licenses) is not required to be recorded with the Patent Office. It is no longer necessary to create a security interest by assignment or transfer of title as was done in the *Waterman* transaction. [Referring to *Waterman v. Mackenzie, supra.*]

48 B.R. at 639.

The same point was made in a trademark case, *In re Roman Cleanser Co.,* 43 B.R. 940 (Bkrtcy.E.D.Mich.1984) *aff'd,* 802 F.2d 207 (6th Cir.1986).

Trademark cases distinguish between security interests and assignments. E.g., *Li'l Red Barn, Inc. v. Red Barn System, Inc.,* 322 F.Supp. 98 (N.D.Ind.1970), *aff'd per curiam,* 174 U.S.P.Q. 193 (7th Cir. 1972). An "assignment" of a trademark is an absolute transfer of the entire right, title and interest to the trademark.... The grant of a security interest is not such a transfer. It is merely what the term suggests—a device to secure an indebtedness. It is a mere agreement to assign in the event of a default by the debtor.... Since a security interest in a trademark is not equivalent to an assignment, the filing of a security interest is not covered by the Lanham Act. Accordingly, the manner of perfecting a security interest in trademarks is governed by Article 9 and not by the Lanham Act.

43 B.R. at 944; see also, *In re TR-3 Industries,* 41 B.R. 128 (Bkrtcy.C.D.Cal.1984).

But, whether or not a security agreement is an assignment, to require security interests to be perfected as against lien creditors by a federal filing, which is considered an absolute assignment, would reduce the flexibility of patents as collateral in secured transactions. For example, a patentee or his assigns could not grant a license after using the patent as collateral for a loan if the secured lender filed the security agreement with the Patent Office. Under the rule of *Waterman v. Mackenzie, supra,* a federally recorded security agreement grants title to the secured lender. So, the borrower would have nothing to license. Nor, under such circumstances, could the borrower bring a suit for infringement. *John Tuman & Sons, Inc. v. Basse,* 113 F.2d 928 (2d Cir.1940). At the very least, the borrower would have to receive a license back from the lender or join the lender as an indispensable party to any lawsuit before he could grant a license or sue for infringement.

Therefore, while requiring a federal filing for perfection of a security interest in patents would produce a single system of filing, we do not believe it is necessarily more rational, convenient or consistent with the purposes of the UCC. The single system would, in effect, reinstitute a "title theory" of security interest and thereby diminish the potential of patents as collateral. This is contrary to the functional goals of the U.C.C. See K.S.A. 84-9-101 Official UCC Comment. (Article 9 adopts neither a "title theory" or a "lien theory" of security interests—distinctions are to be made "along functional rather than formal lines.")

Finally, the bankruptcy court stated that the January 5, 1985 security agreement should not be considered an assignment because it contains the statement that the debtor would "execute an absolute assignment for collateral purposes of the above patents immediately upon demand." In other words, the court held that an agreement cannot be an assignment if it contemplates assignment in the future. We disagree. The agreement appears to distinguish between the transfer of rights described in the agreement and an *"absolute* assignment." The transfer of rights was obviously intended to create a security interest. Whether or not, under the rule of *Curtiss v. United States,* 75 Ct.Cl. 286 (1932), this constituted an assignment is

**784**

immaterial because the federal statute does not require the filing of assignments, absolute or otherwise, for protection against the interests of lien creditors. A transfer of rights to create a security interest was clearly intended by the January 4, 1985 agreement. An "absolute assignment" was not necessary to create a security interest. Therefore, the creation of the security interest was not postponed by the terms of the January 4, 1985 agreement until the absolute assignments were executed. On January 4, 1985, a security interest was created or the May 1983 security agreement was clarified. Either way, appellant's interest in the patents was protected against the trustee outside of the 90–day preference period.

For the above-stated reasons, the court holds that a federal filing is not required to perfect a security interest in patents as against the trustee in bankruptcy. Therefore, the order of the bankruptcy court is reversed. The Clerk shall transmit a copy of this order to the Clerk of the Bankruptcy Court.

IT IS SO ORDERED.